No. 3416.

(Court of Appeal, Parish of Orleans.)

## PHILIP WERLEIN, LTD. vs. MRS. LENA OR L. FORSTALL.

1. The obligation in writing of the parties to a contract of lease and sale drawn up under the provisions of Act 62 of 1877, by which one leases and buys a piano, stool and scarf at a fixed price to be paid for by installments within two years in order to acquire the ownership thereof, is an obligation to pay a specific sum on the happening of a certain event. This obligation is only prescribed by ten years. 30 A. 1276–8.

2. A shorter period urged: three years, reckoning from the last instalment payment made: April 20, 1897, is not maintainable. The declaration in the contract admitting that on the happening of any delinquency, the whole indebtedness would be due is an acknowledgment waiving by anticipation any prescriptive period, except that arising from personal obligation. R. C. C. 3544.

Appeal from Civil District Court, Division D.

Philip Gensler, Jr., for plaintiff and appellant.

Dinkelspiel & Hart, for defendant and appellee.

BEAUREGARD, J. Under a writ of sequestration based on vendor's lien and privilege, the plaintiff sequestered in defendant's possession a piano, stool and scarf which she was about to have sold at auction.

This piano, stool and scarf had been, under Act 62 of 1877 E. S. acquired on March 11, 1897, of the plaintiff company, by the defendant for the price and sum of $325.00, of which $92.00 were acknowledged to have been paid to and received by the plaintiff company, leaving a balance due of $234.50. The last credit item of the $92.00 having been given in April, 1897.

To plaintiff's demand defendant tendered the plea of three years prescription followed by the general issue and a plea in reconvention for $125.00 as damages for the averred malicious and illegal issuance of the writ referred to.

On the Court a qua sustaining the plea of three years prescription, the plaintiff appeals; and appellee, praying for an affirmance of said judgment, asks for such an amendment as would allow her

249

the damages sued for in her reconventional demand, but rejected by the Court a qua.

Defendant urges substantially three grounds in support of her position: First, that the act under which the piano, etc. were acquired by her, was one of lease. Second, that as this acquisition took place in 1897 the sums paid therefor were on account; and that the balance claimed or set up was, under Act 78 of 1888 which prescribed "all accounts" after three years, unless acknowledged in writing, was also prescribed. And third, that, at the date said movables were acquired that under Art. 3476 R. C. C. recovery thereof by the claimant here was also barred since the ownership of movables is prescribed for after the lapse of three years.

The contract by which the defendant obtained possession of the piano, etc., was one of lease and of sale often judicially recognized as one of sale and so declared in Act 62 of 1877.

It embodied an absolute promise to pay a specific sum of money either as lessee by the month within two years, or as purchaser within said space of time, of a fixed balance due after deduction of the installments paid, and subject to the following condition:

"I do hereby agree that in case of default of any payment, the whole amount will be considered due, and in case it shall become necessary to institute legal proceedings for recovery of the amount due, the said lessee binds herself to pay the fees of the attorney at law, who may be employed for that purpose, which fees are hereby fixed at 5 per cent. on the amount sued for."

In Gilmore vs. Logan, 30 A. 1277, the syllabus of that case reads as follows: "When one obligates himself in writing to pay a certain sum on the happening of a certain event, the obligation is only prescribed in ten years."

If, however, the balance remaining due be still viewed as susceptible of that prescription which applies to "all accounts" it cannot be doubted that that part of the agreement, reproduced above from the contract, is a clear acknowledgment of foreshadowed indebtedness and a waiver, by anticipation, of prescription.

With respect to the illegal and malicious issuance of the writ: The evidence of record, as against which none was offered by the defendant, shows that not only did defendant violate the terms of her agreement by removing said piano, without the knowledge or permission of her vendor, from the place where it had been delivered to her and where it should have been kept, but that for several years the plaintiff remained in the dark as to its whereabouts, and that it was only after diligent search that it was discovered by the plaintiff after its having been placed in the hands of an auctioneer for sale, and from whom the defendant, in anticipation of its sale had borrowed $5.00. Thus by her own acts paving the way for prescription to defeat plaintiff's enforcement of his vendor's privilege.

The judgment appealed from should be reversed.

It is now ordered and decreed that said judgment be avoided and reversed. It is further ordered and decreed that plaintiff and appellant herein have judgment against the defendant and appellee herein in the full sum of two hundred and thirty-four dollars and fifty cents ($234.50) with legal interest thereon from March 11, 1897, till paid, with 5 per cent. attorney's fees on the amount sued for. And it is further ordered and decreed that the writ of sequestration issued herein be maintained with recognition of plaintiff and appellant's vendor's lien and privilege on the piano, stool and scarf sequestered.

It is further decreed that the decree of the Court a qua rejecting defendant's reconventional demand is affirmed.

Costs in both Courts to be paid by the appellee.